UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ZACHARY JACKSON,<br><br>*Defendant*. | Case No. 1:21-cr-12-RCL |

## MEMORANDUM OPINION & ORDER

Defendant Zachary Jackson is charged with unlawful possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year. ECF No. 6. Before the Court are the government's motion *in limine* to admit evidence pursuant to Federal Rule of Evidence 609, Gov. Mot., ECF No. 20; and Jackson's response to the government's motion, Def.'s Opp'n, ECF No. 27. The Court held a motion hearing on November 29, 2021. 11/29/2021 Min. Entry. For the reasons stated below, the Court will **GRANT IN PART** and **DENY IN PART** the government's motion.

The government specifically requests that, if Jackson elects to testify at trial, it be permitted to impeach Jackson's credibility with two of his prior convictions. Gov. Mot. 1. Both are convictions from D.C. Superior Court. *Id.* at 2. The first is a 2017 conviction for robbery and unlawful possession of a firearm by a convicted felon. *Id.* at 4. The second is a 2016 conviction for attempted robbery. *Id.*

Jackson "does not object to the introductions of these convictions should [he] take the stand, provided the government provide a certified copy of the stated conviction." Def.'s Opp'n 2. But he does raise two arguments in response to the government's motion. First, Jackson states that he would object to the introduction of his prior conviction for unlawful possession because

1

"introduction of that conviction would be more prejudicial than probative." Def.'s Resp. 2. He argues that "a conviction of virtually the same charge, particularly one that involves a conviction based upon an unchangeable condition precedent (felony conviction), would be unfairly prejudicial." *Id.* at 3. Second, Jackson argues that because the parties have entered into a stipulation that Jackson has a prior felony conviction "as required by the elements" of his charged offense, the description of his convictions "is not a fact in dispute at trial and [is] therefore only prejudicial." *Id.*

The government's motion is ripe for review.

\*   \*   \*

Rule 609 permits the "admission of a defendant's prior convictions for purposes of impeachment, so long as the 'crime . . . was punishable by death or by imprisonment for more than one year' (that is, it was a felony), and 'the probative value of the evidence outweighs its prejudicial effect.'" *United States v. Ford*, No. 15-cr-25 (PLF), 2016 WL 259640, at *7 (D.D.C. Jan. 21, 2016) (quoting *United States v. Moore*, 75 F. Supp. 3d 444, 453 (D.D.C. 2014)). It is the government's burden to "show that the probative value of a prior conviction outweighs the prejudice to the defendant." *United States v. Lipscomb*, 702 F.2d 1049, 1063 (D.C. Cir. 1983) (en banc). Courts in this district consider the following nonexhaustive factors in their balancing analysis: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness'[s] testimony to the case; (4) the importance of the credibility of the defendant; and (5) generally, the impeachment value of the prior crime." *United States v. Pettiford*, 238 F.R.D. 33, 41 (D.D.C. 2006) (internal quotation marks omitted).

Jackson's first objection focuses on the risk of unfair prejudice from introducing his prior firearm conviction.[1] As Jackson identifies, both this case and his 2017 conviction involve unlawful firearm possession. It is widely recognized that the balance tilts further toward exclusion when proffered impeachment evidence is similar to the crime for which the defendant is being tried. *See, e.g.*, 28 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 6134 (2d ed.) ("[T]he danger of unfair prejudice is enhanced if the witness is the accused and the crime was similar to the crime now charged, since this increases the risk that the jury will draw an impermissible inference under Rule 404(a)."). As the Fourth Circuit has explained, "[t]he [j]ury, despite limiting instructions, can hardly avoid drawing the inference that the past conviction suggests some probability that defendant committed the similar offense for which he is currently charged." *United States v. Sanders*, 964 F.2d 295, 297–98 (4th Cir. 1992) (quoting *United States v. Beahm*, 664 F.2d 414, 418–19 (4th Cir. 1981)). Thus, prior convictions for the same or similar crimes are admitted for impeachment purposes only "sparingly." *Id.*; *see, e.g., United States v. Caldwell*, 760 F.3d 267, 286–87 (3d Cir. 2014).

With this potential prejudice in mind, the Court turns to the remaining factors to evaluate the evidence's probative value. The D.C. Circuit has recognized that "all felony convictions less than 10 years old have some probative value on the issue of credibility." *Lipscomb*, 702 F.2d at 1056. But the act of unlawfully possessing a firearm is not strongly probative of credibility. *See id.* at 1070–71 (explaining crimes involving "deception or stealth" or even "conscious disregard

---

[1] Jackson purports to challenge the admission of this conviction under Rule 403 while supposedly waiving a Rule 609 objection. But Rule 609 has its own balancing test that is more stringent than Rule 403—that is, it is the government's burden to show that the "probative value of the evidence outweighs its prejudicial effect." Fed. R. Civ. P. 609(a)(1)(B); *see, e.g., Lipscomb*, 702 F.2d 1062–63; *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 520 F. Supp. 3d 1, 18–19 (D.D.C. 2021) (explaining differences in 609(a)(1)(B) and 403 balancing tests). Rule 403 instead permits the Court to "exclude relevant evidence if its probative value is substantially outweighed" by unfair prejudice. Fed. R. Civ. P. 403. Accordingly, the Court will consider Jackson's prejudice-focused arguments under the Rule 609 balancing test.

3

for the rights of others" are more probative of credibility than "weapons possession"). And while a defendant's credibility matters, the government has represented in its filings and hearings that in addition to the testimony of the several officers involved in Jackson's arrest, it might also introduce body-worn camera footage and DNA evidence. Thus, the Court finds that, on balance, the probative value of defendant's firearm conviction does not outweigh its significant prejudicial effect.

The Court turns next to Jackson's argument that, because the parties have stipulated that Jackson has a prior felony conviction, the description of his convictions is "not a fact in dispute at trial and therefore only prejudicial." Def.'s Opp'n 3. The Court is not persuaded. To be sure, the Supreme Court in *Old Chief v. United States* held that a defendant has the right to admit or stipulate to the fact of a prior felony conviction for purposes of proving felon status. 519 U.S. 172, 191 (1997). In *Old Chief*, there was "no cognizable difference" between the proof the government sought to present—a document reflecting the prior conviction—and the defendant's stipulation to felony status. *Id.* Thus, the Court held that the evidence should be excluded under Rule 403. *Id.*

But Jackson's argument goes too far. *See, e.g., United States v. Smith*, 131 F.3d 685, 687–88 (7th Cir. 1997) ("[I]n *Old Chief*, the prior conviction was not used for impeachment purposes under Fed. R. Evid. 609; therefore, *Old Chief* does not apply."); *cf. Old Chief*, 519 U.S. 176 n.2 ("While it is true that prior-offense evidence may in a proper case be admissible for impeachment, even if for no other purpose, Fed. R[.] Evid. 609, petitioner did not testify at trial; [thus,] there was no justification for admitting the evidence for impeachment purposes."). The D.C. Circuit has recognized the qualitative differences between stipulations and the proffered proof about prior criminal activity that has "legitimate probative force with respect to matters beyond those encompassed in [the] proposed stipulation." *United States v. Crowder*, 141 F.3d 1202, 1208 (D.C.

4

Cir. 1998) (analyzing *Old Chief* in a Rule 404(b) case).[2] And the "familiar, standard rule" is that a "criminal defendant may not stipulate or admit his way out of the full evidentiary force of the case as the government chooses to present it." *Id.* at 1207 (quoting *Old Chief*, 519 U.S. at 186–87). Here, Jackson's prior convictions for robbery and attempted robbery may "indicate a conscious disregard for the rights of others"—which is probative of his credibility if he testifies. *Lipscomb*, 702 F.2d at 1072. Thus, there is a "cognizable difference" between Jackson's stipulation and the description of these felonies. *Old Chief*, 519 U.S. at 191. Additionally, these particular crimes—if sanitized of the references to firearms—do not implicate the same risks of substantial prejudice that Jackson's firearm conviction carries. On balance, the Court finds that the probative value of the robbery and attempt convictions on Jackson's credibility does outweigh their prejudicial effect on the issue of credibility.[3]

Accordingly, it is hereby

**ORDERED** that the government's motion [20] is **GRANTED IN PART** and **DENIED IN PART**; it is further

**ORDERED** that the government may cross-examine Jackson—should he choose to testify—about the fact that he is a convicted felon who was previously sentenced in 2017 and 2016 for robbery and attempted robbery, respectively, but the Government may not elicit testimony or seek to introduce any details about Jackson's firearm conviction; it is further

---

[2] The Court does agree with Jackson that, in light of the stipulation, providing the jury with the details of his convictions *to prove felony status* does not survive the Rule 403 balancing test. *See, e.g., Old Chief*, 519 U.S. at 191; *United States v. Coleman*, 552 F.3d 853, 859 (D.C. Cir. 2009).

[3] The Court will give an appropriate limiting instruction to the jury.

**ORDERED** that the government may, of course, introduce redacted, certified copies of Jackson's convictions for robbery and attempted robbery if he denies his convictions on the stand; it is further

**ORDERED** that the government must redact all references to Jackson's firearm conviction or firearm use in conjunction with his 2017 sentence before seeking to introduce exhibits and show them to the Court before publishing to the jury.

**IT IS SO ORDERED.**

Date: 12/2/21

Royce C. Lamberth
United States District Judge