IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | **Docket No.: 21-CR-00012-001** |
| **v.** ) | **Judge Lamberth** |
| ) | |
| **ZACHARY JACKSON** ) | **Sentencing Date: March 4, 2022** |

**DEFENDANT ZACHARY JACKSON'S MEMORANDUM
IN AID OF SENTENCING**

COMES NOW counsel for Zachary Jackson and submits the following memorandum in aid of sentencing of defendant Zachary Jackson.

**Background**

Mr. Jackson has been in federal custody for a period of over 15 months since his arrest on December 31, 2020. After his motion to suppress was denied, Mr. Jackson pled guilty to Count 1, Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, U.S.C., § 922(g)(1). The statutory provisions provide for a sentence of no more than ten (10) years along with of a fine no greater than $250,000 and a period of supervised release no greater than 3 years.

On January 28, 2022, the United States Probation Office completed the Presentence Investigation Report (PSR). On February 10, 2022, the defendant made his objections to the guideline calculations made by the PSR writer. The one specific objection it made was the applicability of USSG § 2K2.1(b)(4)(A), regarding

whether the weapon in question was stolen, which added an increase of two points and raised the Base Level Offense from 18 to 20. The objection was included in the final version of the PSR.[1] *Id.* at 22-23.

## Argument

### A. Statutory Penalty

Mr. Jackson pled guilty to one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C., § 922(g)(1). The statutory provisions provide for a sentence of no more than ten (10) years along with of a fine no greater than $250,000 and a period of supervised release no greater than 3 years.

### B. Sentencing Guideline Calculations

A criminal history calculation had been done prior to the plea for the purposes of plea negotiations. The calculations that were previously made were adopted into the PSR. Accordingly, the PSR determined that Mr. Jackson' Criminal History Category was ten (10) points, placing Mr. Jackson in Criminal History V. The PSR

---

[1] The defense incorporates its arguments herein, states as follows (and included to avoid redundancy):

> Paragraph 20: Mr. Jackson challenges the determination that there should be a 2-level increase under USSG §2K2.l(b)(4)(A) due to the handgun having been reported stolen.[1] Since I do not have access to law enforcement records, I did an online search on the website Hotgunz.com. According to that search, it indicates that the serial number "BFEF180" has not been reported stolen. I am attaching a copy of my search to this letter. Accordingly, the Adjustment Offense Level (Subtotal) in Paragraph 24 should be 20, and Total Offense Level under Paragraph 27 should be 18. Therefore, Paragraph 67 should indicate thar the total offense level is 18, and with Criminal History V, makes the guideline imprisonment range 51 to 63 months.

determined that the Base Level Offense was 20. PSR at 5. Under Special Offense Characteristics, the offense level was increased by two (2) points, as, pursuant to USSG § 2K2.1(a)(4)(B), the serial number indicates that the handgun was reported stolen from East Point, Georgia. *Id.* The score was then decreased by two (2) levels through acceptance of responsibility pursuant to USSG § 3E1.1(a). Accordingly, the PSR range was determined to be 63 to 78 months. PSR at 17.

With regard to the 2-point enhancement under USSG § 2K2.1(a)(4)(B), Mr. Jackson has not been provided independent proof that the weapon in question was indeed stolen. It is the defense's understanding that the confirmation of the fact that the weapon was indeed stolen can only be obtained officially by law enforcement. Accordingly, undersigned counsel sought to research such information online and was only able to find a website, Hotgunz.com, which proports to provide confirmation of stolen firearms. When counsel put in the serial number of the weapon in questions, the website indicated that it was not reported stolen. Therefore, the defense submits that if the government cannot provide evidence of a stolen firearm, the 2-point enhancement should not be applied.

### C. Statutory Sentencing Factors

As this court knows, in <u>United States v. Booker</u>, 543 U.S. 220, 264 (2005), the Supreme Court indicated that sentencing courts should "consult [the Sentencing] Guidelines and take them into account when sentencing." Booker

further indicated that the purpose of the guidelines was to "'provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities[.]'" *Booker*, 543 U.S. at 264 (quoting 28 U.S.C. § 991(b)(1)(B)).

Given the factors under 18 U.S.C. § 3553(a), this court should consider the following: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, and provides the defendant with needed educational or vocational training and medical care; and (4) the need for the sentence to avoid unwarranted disparities among defendants with similar records convicted of similar conduct. *See* 18 U.S.C. § 3553(a).

   1. **Nature and Circumstances of the Offenses**

Mr. Jackson pled guilty to Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year. On Thursday, December 31, 2020, at approximately 10:00 p.m., Mr. Jackson walking on Falls Terrace toward Alabama Avenue, in Southeast Washington, D.C. At that time, members of the Metropolitan Police Department (MPD) Gun Recovery Unit (GRU) were on patrol when they observed the defendant Zachary Jackson. When officers attempted to approach the defendant, he immediately fled from the officers. While he ran, officers pursuing Mr. Jackson saw

him running with his left arm swinging freely while his right arm and shoulder remained stationed around his waistband. Officers then observed the defendant make a tossing motion with his arm. Officers then called out that he had tossed an object. Immediately after the toss, the defendant fell to the ground and a cardboard box of ammunition as well as three loose rounds of ammunition were found next to him. A search of the defendant revealed additional ammunition in the defendant's right front pocket. DC Fire and EMS responded to the scene to assist in the search for a weapon in the area where officers observed the defendant make the tossing motion . An MPD Officer went to the top of 4400 E Street, SE, where he recovered a Glock 17 with a serial number of BFEFl 80 and it had one 9mm round in the chamber and 12 rounds in the 31-round magazine. Prior to December 31, 2020, the defendant had previously been convicted of a felony. At no time was Mr. Jackson ever seen aiming or firing the weapon.

### 2. The Defendant's History and Characteristics

Mr. Jackson is a young man of 25 years of age. He has a high school diploma from Options Public Charter School. His parents both resided with him together until he was 11 years old, when his father moved out. He continues to reside with his mother and plans to return to living with his mother. He has no medical or mental health issues and has not contracted COVID-19 to date. He has been a regular marijuana user since the age of 14 or 15. Prior to his arrest, he was unemployed and did not have any specialized training or skills. He also does not

have any assets or active bank accounts. The PSR report determined that he is financially unable to pay a fine in this case. PSR at 17.

Attached to this memorandum is a letter from Ms. Brenda Williams, Mr. Jackson's aunt. She describes Mr. Jackson as "a fine young man with very strong values" who in the "last few years he has strayed away from his upbringing." She further goes on to say that Mr. Jackson "knows the true meaning of self accountability and ownership of his actions." She indicates that he has strong community ties and that "he has so much more to contribute to society once this is behind him." *See* Attachment A, Letter from Brenda Williams dated February 28, 2022.

### 3. Need to Promote Respect for the Law, to Provide Just Punishment, to Afford Adequate Deterrence, and to Protect the Public

Mr. Jackson has been incarcerated for over approximately 15 months. These months have been unusually harsh, as they have occurred entirely during the pandemic, which means that Mr. Jackson usually was required to be in his cell for up to 23 hours a day in his time in the District of Columbia Jail. Furthermore, as the court is undoubtedly fully aware, the conditions at the D.C. Jail have been subject to much negative news coverage, as an inspection from the U.S. Marshals indicated that the conditions at the D.C. Jail did "not meet the minimum standards of confinement as prescribed by the Federal Performance-Based Detention Standards." After a short period of time in Hazelton, Mr. Jackson has been at the

Northern Neck Regional Jail, where he has been distanced from his family for the past several months. These conditions have made this experience even more difficult than the experience faced by inmates normally, and it is not one that Mr. Jackson never wants to replicate and plans on not continuing with illegal conduct in any way in the future. Accordingly, the extended time that Mr. Jackson has been at the jail has not only protected the public but has also caused him to deter from any future criminal activity.

### 4. Educational or Vocational Training or Medical Care

Mr. Jackson is still a relatively young man. He is in good physical and mental health. Fortunately, he has already received a high school diploma and therefore has a good start to his educational history which will assist him in getting productive employment once he is released from prison. He would undoubtedly benefit from vocational training, which can be provided from the prison system. Furthermore, Mr. Jackson, while in prison, wishes to take business courses at a college level if possible so that once he leaves prison, he will have the skills to open his own business.

### 5. Need to Avoid Unwarranted Sentencing Disparities

Mr. Jackson's range is largely due to his criminal record which is made up of charges of incidents that happened at least six years ago. While his criminal history was properly calculated, the crimes for which he received points on his criminal history are somewhat dated for such a young person.

Mr. Jackson would further request that the court recommend drug treatment while incarcerated. Specifically, Mr. Jackson would request that the court allow him to participate in the Residential Drug Abuse Program (RDAP). It is clear based on his drug use history that Mr. Jackson has been a chronic user of marijuana since he was an early teenager (and prior to the change in the decriminalization of marijuana laws in the District of Columbia). Mr. Jackson has indicated that he is amenable to receiving drug treatment. Finally, Mr. Jackson would also request that he be placed in a facility close to the Washington, DC area to allow him to better maintain contact with his family. His preference would be that he be placed in the prison facility in Cumberland, Maryland.

One additional factor that Mr. Jackson would like the court to consider, and which may be a reason for departure is deals with the one-point reduction for acceptance of responsibility under USSG § 3E1.1(b). As the court knows, Mr. Jackson pled guilty once the court ruled on his motion to suppress. It appears, however, that the government is not agreeing to provide a one-point reduction even though Mr. Jackson did not put the government or the court through the time and expenses of a trial. The defense, unfortunately, understands and agrees that the inclusion of the reduction of one point under USSG § 3E1.1(b), is totally within the discretion of the government, and therefore there is no "error" argument in the calculation of Mr. Jackson's offense level. However, Mr. Jackson would respectfully request that the court take the fact that he saved the court and government of the

expense of a trial to be considered as a factor that would provide a basis for a sentence under the guideline as the court considers factors under 18 U.S.C. § 3553. Had Mr. Jackson been provided the one-point reduction, he would have been in a range of 57-71 months (Criminal History Level V, Base Offense Level 19), which, given his current range of 63-78 months, would lend itself to a 6- or 7-month reduction.

    Regardless of the range that the court determines, Mr. Jackson would respectfully request that the court sentence him to the lower end of the appropriate guideline range. He accepted responsibility for his actions. He did not subject the court or the government to a trial. All he wished to do was to challenge the actions via a motion to suppress, which, after it was denied, Mr. Jackson was clearly willing to resolve the matter by pleading guilty.

    WHEREFORE, for the reasons stated above, counsel prays that the court accept the arguments made by the defense as to the appropriate guideline range, and, after considering the factors under 18 U.S.C. § 3553, sentence him to a sentence either at the low end or below the guideline range.

Respectfully submitted,

/s/
John L. Machado,
Bar Number 36156
Attorney for Zachary Jackson
Law Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Email: johnlmachado@gmail.com

**Certificate of Service**

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 2nd day of March, 2022, which will send a notification of such filing (NEF) to the following to all counsel of record.

/s/John L. Machado
John L. Machado, Esq.
Bar Number 449961
Attorney for Zachary Jackson
Law Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Email: johnlmachado@gmail.com